823 F.2d 549
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Master ROBINSON, Appellant.
 No. 86-5532
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided July 1, 1987.
 
 Michael J. Morrissey, for appellant.
 Robert C. Bonsib, Special Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney; Dennis Boyle, Law Clerk, on brief), for appellee.
 Before WINTER, Chief Judge, WIDENER, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 A jury convicted defendant of two charges of narcotics violations, and he pled guilty to a charge of being a convicted felon in possession of a firearm. From the judgment entered on his convictions, he appeals. We affirm.
 
 
 2
 Prior to trial, defendant moved to suppress evidence, obtained in the execution of a search warrant, which was ultimately used to convict him. He contended that probable cause had not been established for issuance of the warrant and that the lapse of time between the occurrences recited in the warrant and its issuance and execution was sufficiently great to render the warrant stale. Before us defendant also asserts that he has been twice put in jeopardy for the same offense.
 
 
 3
 The district court agreed with the defendant that the warrant had issued on something less than probable cause, although it recognized that its decision was a 'close call.' However, it ruled, in reliance on United States v. Leon, 468 U.S. 897 (1984), that the officer procuring the warrant had acted in good faith and in reasonable reliance on its validity, such that the fruits of the search need not be suppressed.
 
 
 4
 Our own view is that the affidavit likely did establish probable cause, but that it is unnecessary to decide this issue because we agree with the district court that, even if the warrant was defective, this is a case in which the good faith exception is fully applicable. It follows that the use of the products of the search to convict defendant should not be disturbed. Were we to conclude that there was not probable cause and that the good faith exception did not apply, defendant's conviction on the gun charge would still remain unaffected because it was based on an unconditional plea of guilty.
 
 
 5
 We see no merit in defendant's other contentions. Although background facts of what transpired some four years earlier were recited in the affidavit, the recitation was used only to interpret and give meaning to the more recent events which were also set forth. Defendant's double jeopardy argument was not preserved for appeal, and it amounts to no more than the unmeritorious argument that a defendant may not be subjected to successive trials for multiple, though similar, offenses.
 
 
 6
 AFFIRMED.